STATE OF MAINE *vs.* FLORENT SOUCIE.

Aroostook.    Opinion June 21, 1912.

*Allegation.    Complaint.    Demurrer.    Intoxicating Liquors.    Shop and Dwelling House.*

In a process for Search and Seizure of intoxicating liquors, where neither the complaint nor the warrant contains any express allegation nor any allegation from which by necessary inference or intendment it appears that said dwelling house therein described, or any part of it, is used as an inn or shop, or for purposes of traffic, nor any allegation by the magistrate before whom the complaint was made that he was satisfied by evidence presented to him, that intoxicating liquor was kept in said dwelling house, or its appurtenances intended for illegal sale, demurrer will be sustained.

On exceptions by defendant.    Sustained.

Complaint and warrant under Revised Statutes, chapter 29, section 49, authorizing the process for search and seizure of intoxicating liquors.  The complaint, omitting formal parts, is as follows: "Elmer G. Bryson, of Houlton in said County, competent to be a witness in civil suits, on the eleventh day of July, 1911, in behalf

of said State on oath complains that he believes that on the eleventh day of July, in said year, at Grand Isle in said County of Aroostook, intoxicating liquors, were, and still are, unlawfully kept and deposited by Florent Soucie of Grand Isle in said County of Aroostook, in a certain shop and dwelling and its appurtenances situate on the easterly side of highway street in said Grand Isle occupied by Florent Soucie as a store and dwelling said Florent Soucie not being then and there authorized by law to sell said liquors within said State, and that said liquors then and there were, and now are intended by said Florent Soucie for sale in this State in violation of law, against the peace of the State, and contrary to the form of the statute in such case made and provided.

"I Therefore Pray that due process be issued to search the premises hereinbefore mentioned, where said liquors are believed to be deposited, and if there found, that said liquors be seized and safely kept until final action and decision thereon, and that said Respondent be forthwith apprehended and held to answer to said complaint, and to do and receive such sentence as may be awarded against him."

On this complaint a warrant was issued by the Trial Justice to whom the complaint was addressed, and which, omitting formal parts is as follows:

"In the name of the State of Maine, you are hereby commanded to enter the premises described and specially designated in the above complaint, which is expressly referred to as a part of this warrant, and therein to search for said liquors, and if there found, to seize and safely keep the same, with the vessels in which they are contained, until final action and decision thereon; and if you there find said liquors, or have reason to believe that said Respondent has concealed them about his person, or if you are prevented from seizing them by their being poured out or otherwise destroyed, you are hereby commanded to arrest said Respondent, if he may be found in your precinct, and bring him forthwith before me, the subscriber, or some other Trial Justice in and for said County, to answer to said complaint, and to do and receive such sentence as may be awarded against him. And you are in like manner required to summon the Complainant, and also to appear and give evidence touching the matter contained in said complaint when and where

you shall have said Respondent, and to make immediate return of this warrant."

Search was made, ninety-five bottles "each containing one pint lager beer" were seized, the defendant was arrested and brought before the Trial Justice where he waived hearing, pleaded not guilty, and was sentenced to pay a fine of $100 and costs and to be imprisoned 60 days in jail. The defendant then appealed to the Supreme Judicial Court, and when the matter came on for hearing in said court he demurred to the complaint and warrant. The demurrer was overruled and the defendant excepted.

The case is stated in the opinion.

*Perley C. Brown,* County Attorney, for the State.

*A. S. Crawford, Jr., and L. V. Thibodeau,* for defendant.

SITTING: WHITEHOUSE, C. J., SPEAR, BIRD, HALEY, HANSON, JJ.

BIRD, J. The question for determination in this case arises upon demurrer of defendant to a complaint and warrant under R. S., c. 29, § 49, authorizing the process for "search and seizure" of intoxicating liquors. The demurrer was overruled below, and the case is here upon exceptions of defendant.

In support of the demurrer defendant urged that neither the complaint nor the warrant contains any express allegation, nor any allegation from which by necessary inference or intendment it appears that said dwelling house therein described, or any part of it, is used as an inn or shop, or for purposes of traffic, nor did the magistrate before whom the complaint was made allege in said warrant that he was satisfied by evidence presented to him that intoxicating liquor was kept in said dwelling house or its appurtenances intended for illegal sale, thus invoking the provisions of R. S., c. 29, § 52.

We think the exceptions must be sustained. The complaint describes the place of alleged unlawful deposit to be "a certain shop and dwelling and its appurtenances situate on the easterly side of highway street in said Grand Isle occupied by said Florent Soucie as a store and dwelling."

There is no allegation that the dwelling or part of it is used "for the purposes of traffic" and we cannot regard the words "shop and dwelling" and "occupied as a store and dwelling" as, or equivalent

to, an allegation that the dwelling house "or some part of it, is used as an inn or shop." There may be two distinct buildings. It is urged by the State that the use of the words "its appurtenances" shows that the shop and dwelling are identical. But "its" would naturally refer to dwelling, and might refer to shop and the State claims it refers to both. If this be so, it cannot be said that the complaint possesses precise and sufficient certainty or that the allegation is made with reasonable precision and directness: *State* v. *Paul,* 69 Maine, 215, 218; *State* v. *Whalen,* 85 Maine, 469, 472; *State* v. *Hussey,* 60 Maine, 410; see also *State* v. *Spencer,* 38 Maine, 30, 32; *McGlinchy* v. *Barrows,* 41 Maine, 74, 77.

<div align="right">

*Exceptions sustained.*

*Demurrer sustained.*